Thomas Wang
Ashburn & Mason P.C.
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 276-4331
Fax: (907) 277-8235
thomas@anchorlaw.com

*Attorneys for Defendants Leventhal Lewis Kuhn Taylor Swan, P.C., Michael Kuhn, Andrew Swan, Rabea Taylor, Sean Leventhal, Nick Temming, Paul Lewis and Leventhal Swan Taylor Temming, P.C.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| KRISTOFFER JENSEN AND AMANDA LANCASTER, <br><br> Plaintiffs, <br><br> v. <br><br> LEVENTHAL LEWIS KUHN TAYLOR SWAN, P.C., MICHAEL KUHN, ANDREW SWAN, RABEA TAYLOR, SEAN LEVENTHAL, NICK TEMMING, PAUL LEWIS, LEVENTHAL SWAN TAYLOR TEMMING, P.C. <br><br> Defendants. | Case No. 3:25-cv-00072-HRH <br><br> **SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO REMAND** |

Defendants removed this case to Federal Court based on the complete diversity of jurisdiction between the parties in the Complaint initially filed by Plaintiffs. Plaintiffs subsequently amended their Complaint to add Alaska residents Thomas Wang and

*Supplemental Briefing In opposition to Motion to Remand,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 1 of 22

Case 3:25-cv-00072-HRH   Document 20   Filed 07/07/25   Page 1 of 22

Benjamin Farkash[1] as defendants and have moved the Court to remand these proceedings based on the newly created lack of complete diversity. In their initial Opposition to Motion to Remand, Defendants asserted that remand was improper because defendants Wang and Farkash had been "fraudulently joined." At Docket 17 the Court issued an Order inviting supplemental briefing on the question of fraudulent joinder, noting that Plaintiffs had not adequately addressed the issue. Plaintiffs have not submitted any briefing in response to the Court's invitation. Defendants hereby submit their supplemental opposition.

In short, Plaintiffs' motion to remand should be denied because: (1) Plaintiffs waived any arguments as to fraudulent joinder by failing to supplement their briefing; and (2) for the reasons set forth below, the joinder of Wang and Farkash was fraudulent because it is impossible for Plaintiffs' claims against Wang and Farkash to succeed. Accordingly, Plaintiffs' Motion to Remand should be denied and Plaintiffs' claims against Wang and Farkash should be stricken.

## I.    Plaintiffs have conceded the issue by failing to brief the question of fraudulent joinder.

When given the opportunity to defend their transparent effort to manipulate jurisdiction, Plaintiffs failed to provide any justification or support for the addition of Wang and Farkash. The Court's Order was clear: supplemental briefing was not optional

---

[1] Mr. Farkash was a resident of Alaska at the time Plaintiffs amended their Complaint. He is no longer employed by the firm and has moved out of State.

*Supplemental Briefing In opposition to Motion to Remand,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 2 of 22

Case 3:25-cv-00072-HRH    Document 20    Filed 07/07/25    Page 2 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331  •  FAX 907.277.8235

but was instead mandatory, stating "[o]n or before June 23, 2025, plaintiffs shall serve and file a supplemental brief in support of their motion for remand and in opposition to defendants' fraudulent joinder arguments."[2] The District of Alaska's Local Civil Rule 7.1(h) provides that "[t]he failure to respond to a non-dispositive motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken." Plaintiffs' failure to respond to the Court's Order should be deemed as an admission that Defendants' argument regarding fraudulent joinder "is well taken."[3]

## II. Defendants can demonstrate that Plaintiffs' claims against Wang and Farkash are impossible, thereby meeting the fraudulent joinder standard.

Under Ninth Circuit precedent a defendant can establish that resident defendants were fraudulently joined by demonstrating that the resident defendants "cannot be liable" under any of the legal theories alleged by the plaintiff.[4] A Defendant alleging fraudulent joinder admittedly bears a "heavy burden," arising from the "general presumption against finding fraudulent joinder."[5] However, Defendants can meet that burden through any number of avenues and theories, and have succeeded in proving fraudulent joinder by demonstrating, by way of example: (1) that the claim is time barred; (2) by offering "extraordinarily strong evidence" that the claims could not prevail; (3) by showing the

---

[2] Docket 17 at 3 (emphasis added).

[3] L.Civ.R 7.1(h).

[4] *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

[5] *Id.* (Quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 3 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331  •  FAX 907.277.8235

newly added defendants were not party to the contract under which Plaintiff's claims arose; or that (4) Defendant's actions were privileged under state law.[6] Put another way, the Defendants must demonstrate that the Plaintiff's claims "obviously" fail under state law. Defendants are permitted to submit evidence including sworn declarations[7], but the allegations in the complaint are typically the "most helpful guide" in determining whether a Plaintiff's claims.

Here, the Complaint leaves much to be desired. There are no specific allegations against Wang and Farkash. Thus, Defendants are forced to attempt to ferret out what Plaintiffs intended their claims to be. It appears that Plaintiffs are either arguing: (1) that Wang and Farkash, as lawyers for the defendant law firm, are liable to Plaintiffs by virtue of having assisted the other Defendants in aspects of their dealings with Plaintiffs; and/or (2) that Wang and Farkash committed some act or acts that subject them to individual liability. As set forth below, both theories of liability "obviously" fail under Alaska law.

### a. Under Alaska law Wang and Farkash cannot be liable for the actions of their client solely by virtue of being their lawyers.

Plaintiffs' Amended Complaint added Wang and Farkash to the original Complaint, modifying the case caption and introductory paragraph under the heading "Jurisdiction and Venue" - but without providing additional factual assertions or

---

[6] *Grancare,* 889 F.3d at 548.

[7] *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be. Here the district court had before it the pleadings plus the sworn declaration of Moltz and Ladson.") (internal citation omitted).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 4 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

otherwise specifying what role, if any, they believe the two Alaska attorneys played. Therefore, it appears that Jensen and Lancaster may be arguing the two Alaska attorneys can be held liable for actions taken by their client, Leventhal Swan Taylor Temming PC (the "Firm"). Indeed, <u>all</u> of the claims found in the Amended Complaint relate to alleged actions taken by the Firm.[8] This case, however, is not one of the limited circumstances in which an attorney can be held liable for actions taken by their client.

The Alaska Supreme Court has explained that for an attorney to be liable for actions taken by its client, it must be shown that the attorney owed a duty to the nonclient.[9] There are "relatively limited circumstances" in which an attorney owes a duty of care to a nonclient, especially in the context where the liability originates from actions by the

---

[8] Jensen and Lancaster allege seven claims against Defendants: (1) unpaid wages for the brief time they were independent contractors of the Firm; (2) fraudulent inducement alleging the Firm made representations to pay for certain costs of the joint venture and later, allegedly did not cover those costs; (3) detrimental reliance claiming that they relied on promises from the Firm before deciding to participate in the joint venture; (4) breach of contract asserting that the Firm breached an agreement them; (5) theft alleging that the Firm improperly failed to reimburse startup costs; (6) defamation alleging written statements made to "the United State [sic] Air Force, the Alaska Bar Association, the Municipality of Anchorage, and more," because neither Wang nor Farkash submitted written statements regarding Jensen and Lancaster to the U.S.A.F., the Alaska Bar, or the Municipality of Anchorage (see Declaration of Counsel included as Exhibit A) to the extent such written statements were submitted it must have been by one of the other named defendants or someone unrelated to this case entirely; and (7) fraud alleging that the Firm improperly sought and obtained relief from a Colorado court.

[9] *Guerra v. Wallace*, 542 P.3d 654, 659 (Alaska 2024) ("A lawyer owes various duties to a client. If the lawyer breaches those duties, the lawyer may be liable to the client for resulting harm. But in this case, a lawyer is being sued for harms suffered by someone who was not his client: the estate is suing Wallace, who represented the former personal representative of the estate, based on alleged harms to Hester, who was the beneficiary of the estate. For Wallace to be held liable in tort for harms to Hester, it must be shown that he owed a legal duty to her even though she was not his client.").

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 5 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331  •  FAX 907.277.8235

client.[10] The Alaska Supreme Court adopted the Third Restatement of the Law Governing Lawyers, Section 51(4), which provides that an attorney owes a nonclient a duty of care related to actions by the attorney's client only if all of the following conditions are met:

> (a) the lawyer's client is a trustee, guardian, executor, or fiduciary acting primarily to perform similar functions for the nonclient;
>
> (b) the lawyer knows that appropriate action by the lawyer is necessary with respect to a matter within the scope of the representation to prevent or rectify the breach of a fiduciary duty owed by the client to the nonclient, where (i) the breach is a crime or fraud or (ii) the lawyer has assisted or is assisting the breach;
>
> (c) the nonclient is not reasonably able to protect its rights; and
>
> (d) such a duty would not significantly impair the performance of the lawyer's obligations to the client.[11]

None of these conditions are met here.

First, Wang and Farkash's client, the Firm, did not have a special relationship with Plaintiffs, the Firm was not acting as a "a trustee, guardian, executor, or fiduciary." Jensen and Lancaster were briefly associated with the Firm as independent contractors. This type of relationship does not impute on to Wang and Farkash a responsibility to be cognizant of their client's special relationship to nonclients, because no special relationship existed. The Firm and Plaintiffs were legally trained parties who entered into an arm's length negotiation that resulted in a brief and unhappy business venture.

---

[10] *Id.*

[11] *Guerra*, 542 P.3d at 660 (citing Restatement (Third) of the Law Governing Lawyers § 51 (2000)).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 6 of 22

Second, because no special relationship of trust, such as a fiduciary, trustee, guardian or executor relationship existed between Plaintiffs and the Firm, the second required condition is similarly not met.

Third, Jensen and Lancaster, the non-client(s), are reasonably able to protect their rights. In this context, the inability to protect rights refers to individuals who "for reasons of youth or incapacity" are unable to manage their own affairs.[12] Jensen and Lancaster are adults, with no indication of incapacity. They are attorneys licensed to practice law in Alaska and must be considered "reasonably able" to protect their rights.

Lastly, a policy of imposing a duty on lawyers to protect the interests of nonclients in arm's length transactions would dramatically impair their advocacy on behalf of their client. The Alaska Rules of Professional Conduct ("ARPC") specify that an attorney has an obligation to zealously advocate on behalf of their client, and to "protect and pursue a client's legitimate interests."[13] The ARPC acknowledge that at times because the interests of different parties are oppositional the advocacy by an attorney on behalf of their client may be determinantal to the interests of another party.[14] The ARPC specify that where the other party is represented by another attorney a "lawyer can be a zealous advocate on behalf of a client and at the same time assume that justice is being done."[15] Here Jensen

---

[12] *Guerra*, 542 P.3d at 661 (citing Restatement (Third) of the Law Governing Lawyers § 51 (2000)).

[13] ARCP at 3 (Preamble: a Lawyer's Responsibilities).

[14] ARCP at 3 (Preamble: a Lawyer's Responsibilities).

[15] ARCP at 3 (Preamble: a Lawyer's Responsibilities).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 7 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331  •  FAX 907.277.8235

and Lancaster are attorneys, thus it was and remains perfectly appropriate for the Firm's attorneys to zealously advocate on its behalf.[16]

Because none of the required conditions have been met, Wang and Farkash cannot be found to be liable under Alaska law for alleged actions by their client, the Firm. Therefore, their joinder is fraudulent and should be ignored for purposes of the Court determining diversity jurisdiction. Additionally, as set forth below, each of Plaintiffs' claims against Wang and Farkash are untenable on their face and cannot succeed -- which provides additional grounds to find that the two Alaska attorneys were fraudulently joined.

**b. Wang and Farkash cannot be individually liable based on the claims that Plaintiffs have alleged.**

It is axiomatic that for an individual to be held liable they must have caused some type of harm, through wrongful action or inaction. Here the Amended Complaint does not actually allege any claims or actions against Wang and Farkash, nor could it. The two Alaska attorneys' only connection to this case is in their role as advocates for their client, the Firm. As set forth below none of the claims alleged by Jensen and Lancaster raise even a colorable question of liability for Wang and Farkash.

---

[16] To be clear, Wang and Farkash played no role in the underlying negotiations and business dealings between Plaintiffs and the firm. However, even if they did, imposing a duty on lawyers to protect the interests of opposing parties would be inappropriate.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 8 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

### i. Wang and Farkash cannot be liable for Count I regarding unpaid wages.

Under the Alaska Wage and Hour Act ("AWHA") an <u>employee</u> may sue an <u>employer</u> who violates the Act for unpaid wages.[17] Defendants maintain that there was no employer employee relationship and thus there can be no claim for unpaid wages under the AWHA. Instead, Jensen and Lancaster operated as independent contractors for the Firm. However, regardless of whether Jensen and Lancaster's association with the Firm was as independent contractors or as employees, it is abundantly clear that Wang and Farkash do not and cannot owe Plaintiffs for unpaid wages since Wang and Farkash did not "employ" the Plaintiffs.

Wang and Farkash do not have authority to direct the Firm's payroll, direct funds to the Firm's independent contractors, vendors, landlords or, where applicable employees.[18] Wang and Farkash were not involved in the negotiations to contract with Jensen and Lancaster, never agreed to compensate them, or in any way seek a joint venture with them.[19] Wang and Farkash represented the Firm during the transition where Jensen and Lancaster's moved from being employed by the law offices of Blake Fulton Quackenbush to briefly working as independent contractors for the Firm, and then

---

[17] *Dayhoff v. Temsco Helicopters, Inc.*, 772 P.2d 1085, 1086 (Alaska 1989) ("An employee may sue an employer who violates AWHA for unpaid wages, overtime, and liquidated damages." (citing AS 23.10.110(a), (b)).

[18] Exhibit A Declaration of Counsel at ¶12.

[19] Exhibit A Declaration of Counsel at ¶¶ 4 & 13.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 9 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

subsequently renewed their representation after the Colorado proceedings had concluded to domesticate the Colorado judgment.

The Amended Complaint does not discuss what purported role the two Alaska attorneys had in the alleged claim for unpaid wages. Instead, Defendants understand the Amended Complaint to allege that the Firm was required to pay 50% of the hours billed at $395 per hour and a separate percentage for hours billed by associates such as Ms. Lancaster.[20] This type of compensation model makes sense in the realm of Jensen and Lancaster operating as independent contractors for the Firm. However, this allegation does not extend any compensation obligations to attorneys who appear on behalf of the Firm in proceedings like this one.

Wang and Farkash cannot be liable for a claim of unpaid wages based solely on the fact that they represented the entity alleged to have withheld wages. Such a claim cannot possibly succeed because there is no conceivable basis upon which Wang and Farkash could be liable as Plaintiffs' "employer."

---

[20] There is some confusion in the way this portion of the Amended Complaint (and original Complaint) are drafted. The Complaint states "Defendants were contracted to pay of [sic] 50% of the hourly rate of billing, at $395 per hour. Defendants were also entitled to percentage payment for associate billing. Ms. Lancaster was never paid this percentage. Mr. Jensen was paid only a portion of this percentage." Defendants believe that Jensen and Lancaster meant to allege that Defendants were required to pay 50% of the proceeds collected from billing at $395 per hour to Plaintiffs and that Plaintiffs were similarly entitled to receive a percentage (unspecified) of proceeds collected from hours billed by associates (presumably at a lower rate than $395/hour).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 10 of 22

### ii. Wang and Farkash cannot be liable for Count II regarding fraudulent inducement.

The elements of claim for "fraudulent inductment [sic]" requires a false representation made by defendant, which is known by the defendant to be false, that is reasonably relied on by the plaintiff, to their detriment.[21] Jensen and Lancaster's claim for "fraudulent inductment [sic]" specifies only actions taken by the Firm, stating "[i]t became clear that the Colorado firm had made false promises," and generally complaining about alleged promises by the Firm regarding resources it would provide to the joint venture.[22]

These alleged false promises relate to the negotiations between the Firm and Plaintiffs.[23] As discussed above, the complaint does not even allege that Wang and Farkash were involved in the negotiations of the business terms between the Firm and Plaintiffs.[24] No statements are imputed to them. There was no commercial arrangement

---

[21] *Cornelison v. TIG Ins.*, 376 P.3d 1255, 1270 (Alaska 2016) (Quoting *Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010)) ("The elements of common law fraud are '"(1) a false representation of fact; (2) knowledge of the falsity of the representation; (3) intention to induce reliance; (4) justifiable reliance; and (5) damages.'"); *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1284 (Alaska 1985) (citing *State v. First National Bank*, 629 P.2d 78, 81 (Alaska 1981)) ("Four elements are needed to make out a case of promissory estoppel: 1) The action induced amounts to a substantial change of position; 2) it was either actually foreseen or reasonably foreseeable by the promisor; 3) an actual promise was made and itself induced the action or forbearance in reliance thereon; and 4) enforcement is necessary in the interest of justice.").

[22] Docket 10-6 at 3.

[23] Docket 10-6 at 2–3 (alleging that Defendants agreed to provide resources for costs associated with the Alaska office).

[24] Docket 10-6.

*Supplemental Briefing In opposition to Motion to Remand,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 11 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

between the Plaintiffs and Wang and/or Farkash – and therefore no arrangement that Plaintiffs could have been fraudulently induced into. And even if and to the extent Plaintiffs allege that Wang and Farkash made any statements during the negotiations with the other defendants, they necessarily would have been made in the role of representing the other defendants – actions for which Wang and Farkash cannot be liable, as demonstrated above.  It is impossible for Plaintiffs' fraudulent inducement claim to succeed against Wang and Farkash.[25]

### iii. Wang and Farkash cannot be liable for Count III regarding detrimental reliance/promissory estoppel

A claim for detrimental reliance/promissory estoppel requires a promise made by one party that is foreseeably relied on by the other side to their detriment.[26] Much like their claim for fraudulent inducement, Jensen and Lancaster's detrimental reliance/promissory estoppel claim alleges harm from promises made by the Firm or its shareholders, <u>not</u> Wang or Farkash. For example, Jensen and Lancaster complain about resources that were allegedly promised but not provided -- such as start-up costs, malpractice coverage, office space, equipment, staff, and licensing.[27] Again, the

---

[25] *Guerra*, 542 P.3d at 660  (citing Restatement (Third) of the Law Governing Lawyers § 51 (2000)).

[26] *Zeman*, 699 P.2d at 1284 (Alaska 1985) (citing *First National Bank*, 629 P.2d at 81 ) ("Four elements are needed to make out a case of promissory estoppel: 1) The action induced amounts to a substantial change of position; 2) it was either actually foreseen or reasonably foreseeable by the promisor; 3) an actual promise was made and itself induced the action or forbearance in reliance thereon; and 4) enforcement is necessary in the interest of justice.").

[27] Docket 10-6 at 3–4.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 12 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331  •  FAX 907.277.8235

Complaint fails to even allege that Wang and Farkash made promises to Jensen and Lancaster. Therefore, the claim of detrimental reliance/promissory estoppel cannot proceed against the two Alaska attorneys.

### iv. Wang and Farkash cannot be liable for Count IV regarding breach of contract.

A claim for breach of contract requires demonstrating the existence of a contract between the parties, breach of that contract, and damages resulting from the breach.[28] Jensen and Lancaster allege breach of a supposed employment contract, and a lease for office space.[29] Wang and Farkash never entered into a contractual relationship with Jensen and Lancaster.[30] It was the Firm that entered into a venture with Jensen and Lancaster; and it bears repeating that Wang and Farkash's only involvement in any of this was as counsel for the Firm. As mentioned previously, Wang and Farkash were unaware of Jensen and Lancaster's existence until after the Firm approached and retained the two Alaska attorneys. Wang and Farkash cannot be held liable for these contractual

---

[28] *Societe Fin., LLC v. MJ Corp.*, 542 P.3d 1159, 1166 (Alaska 2024) (Citing *Brooks Range Petrol. Corp. v. Shearer*, 425 P.3d 65, 79 (Alaska 2018).

[29] Docket 10-6 at 5.

[30] Exhibit A Declaration of Counsel at ¶ 13.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 13 of 22

Case 3:25-cv-00072-HRH    Document 20    Filed 07/07/25    Page 13 of 22

obligations because they were total strangers to the contracts in question.[31] This claim is impossible.

### v. Wang and Farkash cannot be liable for Count V regarding "theft."

"A plaintiff seeking to establish a conversion claim must first make out a prima facie claim: '(1) that she had a possessory interest in the property; (2) that the defendant interfered with the plaintiff's right to possess the property; (3) that the defendant intended to interfere with plaintiff's possession; and (4) that the defendant's act was the legal cause of the plaintiff's loss of the property.'"[32] The property at issue in this claim are funds that Ms. Lancaster allegedly fronted to the business venture, which were not reimbursed.

Wang and Farkash did not interfere with money Ms. Lancaster believes she is entitled to have reimbursed by the Firm.[33] Defendants maintain that Ms. Lancaster is not entitled to reimbursement and instead, pursuant to the Colorado judgment Jensen and Lancaster owe Defendants $411,526.51. Regardless, as mentioned previously, Wang and

---

[31] In limited instances a third party who is meant to benefit from a contract may to seek enforcement of the contract despite the fact that they are not a party to the underlying contract. *See Rathke v. Corr. Corp. of Am.*, 153 P.3d 303, 310 (Alaska 2007). Wang and Farkash are not third-party beneficiaries, because the parties were not seeking a joint venture for the purpose of benefitting Wang and Farkash. Instead, the parties were seeking a joint venture that would benefit the parties. Furthermore, there is no case law indicating that a third-party beneficiary could be held liable for breach of contract by one of the parties to the underlying contract. The analysis in both *Rathke* and *Jones v. Cent. Peninsula Gen. Hosp.*, 779 P.2d 783, 791 (Alaska 1989) is instructive. Both cases held that "Generally, an employee cannot be held liable for breach of contract by the employer and another party." Here Wang and Farkash acted as agents of the Firm, and as such cannot be held liable for the principle's alleged breach of a contract.

[32] *Societe Fin., LLC*, 542 P.3d at 1169.

[33] Docket 10-6 at 5–6; Exhibit A Declaration of Counsel at ¶ 12.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 14 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

Farkash do not have control over the Firm's finances and were thus not capable of interfering with any reimbursement, to the extent repayment was even warranted.[34] Wang and Farkash were not part of the venture between plaintiffs and the other defendants and are not liable for any compensation to Jensen and Lancaster.[35] Again, Wang and Farkash were uninvolved and thus not implicated in the factual assertions found in the complaint. This claim is impossible.

### vi. Wang and Farkash cannot be liable for Count VI regarding defamation.

None of the named Defendants have made defamatory statements. A claim for defamation requires (1) a false statement; (2) published to a third party without privilege; (3) with the publication being, at a minimum, negligent; and (4) either harm or "per se" actionability.[36] In this case none of the Defendants have made a false statement, as such no defamation has occurred.[37]

Specifically with regard to Wang and Farkash, the two Alaska attorneys never provided <u>any</u> written statements whatsoever to the United States Air Force, the Alaska

---

[34] Exhibit A Declaration of Counsel at ¶ 12.

[35] Exhibit A Declaration of Counsel at ¶ 13.

[36] *French v. Jadon, Inc.*, 911 P.2d 20, 32 (Alaska 1996) (Citing *McAdoo v. Diaz*, 884 P.2d 1385, 1390 (Alaska 1994)).

[37] *State v. Carpenter*, 171 P.3d 41, 57 (Alaska 2007) (Discussing that a claim for intentional infliction of emotional distress was different than defamation because unlike defamation the IIED claim did not depend on the truth or falsity of the statement.).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 · FAX 907.277.8235

Bar Association, or the Municipality of Anchorage regarding Jensen and Lancaster.[38] Indeed just as with all of Jensen and Lancaster's other claims, there was no modification to the factual assertions between the initial Complaint and the Amended Complaint, indicating that the actions were not taken by the two Alaska attorneys.[39] Because Wang and Farkash did not provide the written statements complained of by Jensen and Lancaster, they cannot be liable for defamation. This claim is impossible.

Additionally, the Bar complaint lodged with the Alaska Bar Association should not expose Mr. Swan to liability for defamation. Actors are shielded by immunity for actions taken during judicial proceedings. For example, judges are "absolutely immune from liability" for actions taken in their capacity as a judge, this absolute immunity applies "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive."[40] This immunity shields not only judges but others who participate in the judicial process,[41] such as witnesses whose testimony in a judicial proceeding "is absolutely privileged, even if given maliciously or with knowledge of its falsity."[42] In *Gilbert v. Sperbeck* the Alaska Supreme Court determined that an expert witness in an arbitration proceeding enjoyed the same witness immunity as if the proceeding had been in court. The *Gilbert* Court explained that the

---

[38] Exhibit A Declaration of Counsel at ¶ 14.

[39] Compare Docket 1-1 with Docket 10-6.

[40] *Christoffersen v. State, Ct. Custody Investigator's Off.*, 242 P.3d 1032, 1034–35 (Alaska 2010).

[41] *Id.*

[42] *Gilbert v. Sperbeck*, 126 P.3d 1057, 1059 (Alaska 2005).

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 16 of 22

Case 3:25-cv-00072-HRH    Document 20    Filed 07/07/25    Page 16 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

same considerations were at play, namely: that similar to court proceedings, arbitration proceedings "depend on the willingness of witnesses to present relevant evidence in a candid manner," that Alaska policy favors arbitration which would be undermined if arbitration witnesses were not immune from suit.[43] The *Gilbert* Court assumed without deciding that arbitration witnesses could be prosecuted for perjury, if applicable, and detailed that the expert had sworn an oath, was subject to cross examination and would be subject to professional discipline for making false statements, which the Court regarded as sufficient deterrents against untruthful testimony.[44]

The Alaska Bar grievance/complaint process is a judicial process and therefore statements made during that process should be protected by immunity from Plaintiffs' defamation claim. The Alaska Supreme Court has delegated to the Bar Association "the responsibility to conduct disciplinary proceedings,"[45] making the Bar grievance/complaint process a quasi-judicial proceeding wherein immunity from civil

---

[43] *Id.* at 1060.

[44] *Id.*

[45] *Disciplinary Matter Involving Triem*, 929 P.2d 634, 640 (Alaska 1996) ("Though this court has the authority, if not the obligation, to independently review the entire record in disciplinary proceedings, findings of fact made by the Board are nonetheless entitled to great weight. The deference owed to such findings derives from the responsibility to conduct disciplinary proceedings which this court has delegated to the Bar Association.");

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 17 of 22

Case 3:25-cv-00072-HRH    Document 20    Filed 07/07/25    Page 17 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 · FAX 907.277.8235

prosecution applies.[46] A complainant who submits a Bar grievance must verify/affirm the information they have provided "is true and correct to the best of [their] knowledge and belief," and affirmatively acknowledge that a failure by the complainant to maintain confidentiality concerning the grievance investigation "will be regarded as a contempt of the Supreme Court," impressing upon the complainant the seriousness of the process.[47] Like the expert witness in *Gilbert*, if Mr. Swan were to have made false statements in his Bar complaint he would subject himself to professional discipline for violating his professional and ethical obligations as an attorney.[48] These factors, like the ones in *Gilbert* weigh strongly in favor of recognizing the absolute privilege for statements made in a Bar complaint; unsurprisingly courts have consistently held that statements made as part of a bar complaint or Bar investigation are privileged.[49]

---

[46] *Christoffersen*, 242 P.3d at 1035 (Alaska 2010) ("We have previously stated that the 'clearest case for quasi-judicial immunity is presented in instances where some aspect of the court's adjudicative responsibility is delegated to another official such as a master or referee.'") (Quoting *Trapp v. State*, 53 P.3d 1128, 1130 (Alaska 2002)); *see also* ARCP Preamble: a Lawyer's Responsibilities ("The legal profession is largely self-governing. Although other professions also have been granted powers of self-government, the legal profession is unique in this respect because of the close relationship between the profession and the processes of government and law enforcement. This connection is manifested in the fact that ultimate authority over the legal profession is vested largely in the courts.").

[47] Bar Grievance Form a copy of the standard Bar Grievance form is attached as Exhibit B.

[48] ARCP 3.3(a)(1) (prohibiting a lawyer from making false statements to a tribunal).

[49] *Hecht v. Levin*, 462, 613 N.E.2d 585, 588 (Ohio 1993) ("we hold that filing a grievance complaint with a local bar association is a 'judicial proceeding' … Because statements made in judicial proceedings enjoy an absolute privilege, we hold that a statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action."); *Wiener v. Weintraub*, 239 N.E.2d 540, 541 (N.Y. Ct. Appeals 1968) (Holding that a letter to the New York Grievance Committee was absolutely privileged.); *Morgan & Pottinger, Att'ys, P.S.C. v. Botts*, 348 S.W.3d 599, 602 (Ky. 2011), as modified on denial of reh'g (Oct. 27,

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 18 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

In this situation Mr. Swan had an affirmative obligation to report Ms. Lancaster to the Alaska Bar, based on his good faith belief that she had committed violations of the Alaska Rules of Professional Conduct that raised a substantial question regarding her truthfulness and fitness as a lawyer.[50] It would defy logic to impose on attorneys the obligation to report certain violations while also exposing the reporting attorney to potential tort liability for their good faith belief.

Jensen and Lancaster's recent actions run contrary to well established legal procedures. A party who is displeased with the final disposition of a case has one recourse available, appeal.[51] In addition to appealing the Colorado judgment, and despite the clear case law providing that a Judge is entitled to complete and absolute immunity for their official actions, Jensen and Lancaster have recently filed yet another additional suit; this time attempting to bring claims against Judge Eric Bentley, who presided over the Colorado proceedings.[52] This action is patently unlawful and in direct violation of Federal

---

2011), and (overruled on separate grounds); *Maggard v. Kinney*, 576 S.W.3d 559 (Ky. 2019)) ("Attorney discipline proceedings which commence with the filing of a bar complaint, as occurred in this case, are judicial proceedings . . . Thus, any statement made preliminary to, in the institution of, or during the course of an attorney disciplinary proceeding will be privileged so long as it is material, pertinent, and relevant to such proceeding.");

[50] ARCP 8.3 ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate disciplinary authority unless the lawyer reasonably believes that the misconduct has been or will otherwise be reported.")

[51] AS 22.05.010(a) ("a party has [] one appeal as a matter of right from an action or proceeding commenced in either the district court or the superior court.").

[52] Case 3:25-cv-001808-HRH Docket 1 at 2.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 19 of 22

Case 3:25-cv-00072-HRH     Document 20     Filed 07/07/25     Page 19 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331  •  FAX 907.277.8235

Rule of Civil Procedure 11.[53] Similarly, upset by the fact that Mr. Swan dared to comply with his professional obligation to report Ms. Lancaster, Plaintiffs seek to chill any criticism levied against them by alleging that the filing of a Bar grievance subjects Mr. Swan, his business partners, their business and counsel representing that business to liability for defamation. This cannot be the case.

Defendants maintain that no defamation has occurred. However, for purposes of this supplemental briefing, Defendants emphasize that Wang and Farkash cannot be held liable for statements because they did not make the allegedly defamatory statements. This claim is impossible.

### vii. Wang and Farkash cannot be liable for Count VII regarding fraud.

Plaintiffs' final claim appears to challenge the default judgment from the Colorado proceedings.[54] But this claim cannot succeed against Wang and Farkash because the two attorneys are not licensed in Colorado, never made an entry of appearance or otherwise represented the Firm in the Colorado proceedings against Lancaster and Jensen, and played no role in that matter. Wang and Farkash were completely uninvolved in the Colorado litigation, they took no part in serving motions, seeking the default, providing the Servicemember Civil Relief Act report or otherwise prosecuting the Firm's claims against Jensen and Lancaster in Colorado. The claim cannot proceed against Wang and

---

[53] FRCP 11(b)(2) (Requiring attorneys to conduct a reasonable inquiry before submitting any filing to the court, to ensure that all claims and legal contentions are supported by existing law or by nonfrivolous arguments for changing the existing law.)

[54] Docket 10-6 at 7.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 20 of 22

ASHBURN & MASON P.C.
LAWYERS
1227 WEST 9TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TEL 907.276.4331 • FAX 907.277.8235

Farkash or any of the named Defendants because it improperly asks this Court to review decisions made in the Colorado proceedings which are currently on appeal in that forum.[55] Defendants renew their argument regarding Count VII provided in their Motion to Dismiss, that the Colorado court determined that the Firm had properly served Jensen and Lancaster with a renewed motion for default, by mailing the motion to Jensen and Lancaster's business address which Ms. Lancaster had requested for "future service," and that Lancaster was not protected by the Service Member Civil Relief Act because she did not appear in the SMCA report.[56]

## Conclusion

Newly added defendants Wang and Farkash cannot be held liable for any of the claims alleged in Jensen and Lancaster's Amended Complaint. Accordingly, the Court should disregard their fraudulent joinder, deny the Plaintiffs' Motion to Remand, and retain jurisdiction over this matter.

Dated: 2025-07-07                    ASHBURN & MASON, P.C.

                                     By:   s/ Thomas V. Wang
                                           Thomas V. Wang
                                           (Alaska Bar No. 9806035)
                                           Ashburn & Mason P.C.

---

[55] Notice of Appeal in the Colorado proceedings attached as Exhibit C.

[56] Docket 14 at 11–15.

*SUPPLEMENTAL BRIEFING IN OPPOSITION TO MOTION TO REMAND,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH

Page 21 of 22

Case 3:25-cv-00072-HRH    Document 20    Filed 07/07/25    Page 21 of 22

1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 276-4331
Fax: (907) 277-8235
thomas@anchorlaw.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2025, a copy of the foregoing was served upon all registered case users by the CM/ECF system.

ASHBURN & MASON

By:____s/*Maarit Cain*____
         Maarit Cain

*Supplemental Briefing In opposition to Motion to Remand,*
*Kristoffer Jensen and Amanda Lancaster vs. Leventhal Lewis*, et al.,
Case No. 3:25-cv-00072-HRH
Page 22 of 22