**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KRISTOFFER JENSEN and AMANDA )
LANCASTER, )
                                                  )
                                   Plaintiffs, )
                                                  )
   vs. )
                                                  )
LEVENTHAL LEWIS KUHN TAYLOR )
SWAN, P.C., et al., )
                                                  )    No. 3:25-cv-0072-HRH
                                    Defendants. )
_____)

O R D E R

Motion to Remand[1]

Plaintiffs have moved to remand this case to state court. The motion was opposed by defendants.[2] Plaintiffs replied.[3] By order of May 28, 2025,[4] the court held the motion to remand in abeyance pending the receipt of supplemental briefing. Plaintiffs' supplemental brief in support of their motion to remand and in opposition to defendants' fraudulent joinder arguments was to be filed on or before June 23, 2025. Plaintiffs did not file a

---

   [1]Docket No. 5.

   [2]Docket No. 10.

   [3]Docket No. 13.

   [4]Docket No. 17.

ORDER – Motion to Remand                                                                             - 1 -

supplemental brief. Defendants' supplemental brief was due on or before July 7, 2025, and was timely filed.[5] Plaintiffs were authorized to file a reply memorandum on or before July 14, 2025; plaintiffs did not file a supplemental reply memorandum.

Plaintiffs motion to remand is again taken under advisement.

This case was commenced by plaintiffs with the filing of a complaint[6] in the Superior Court for the State of Alaska at Anchorage. That complaint named the Leventhal law firms and several of the firms' individual members as defendants. The complaint described the plaintiffs' claims generally as a "controversy related to ... Defendants' action to start a law office in Alaska."[7] Plaintiffs' complaint then described each of their unpaid wages claim, fraudulent induc[e]ment claim, detrimental reliance/promissory estoppel claim, breach of contract claim, theft claim, and defamation claim in fair detail, but without any specifics as to which claim was being asserted against which of the defendants. Rather, all of the claims are brought generally against all of the defendants. In this latter regard, plaintiffs' original complaint is indeed vague.

Defendants filed a notice of removal with this court on April 9, 2025.[8] Defendants were served with a copy of the notice of removal on April 9, 2025. The next day – April 10, 2025 – plaintiffs filed an amended complaint with the Alaska superior court

---

[5]Docket No. 20.

[6]Docket No. 1-1.

[7]Id. at 12.

[8]Docket No. 1.

ORDER – Motion to Remand - 2 -

where this case was then still pending. Defendants' notice of removal was filed with the superior court on April 11, 2025,[9] and the case was transferred to this court.

The caption of plaintiffs' amended complaint[10] adds defendants' attorneys, Thomas Wang and Benjamin Farkash, as named defendants. Like plaintiffs, Wang and Farkash are Alaska residents. The jurisdiction and venue paragraph of the amended complaint adds that plaintiffs and two of the defendants are residents of Alaska.[11] Except for the inclusion of Wang and Farkash in the caption and the nod to their residency in the jurisdiction paragraph of the amended complaint, the amended complaint is word-for-word identical to plaintiffs' original complaint. The amended complaint describes the same seven state law claims that are made against all of the defendants, without differentiation as regards who participated in each claim.

Although the court has received no clarification from plaintiffs regarding the role of various defendants in the claims which plaintiffs have described, an unsworn declaration of Wang suggests that Wang and Farkash were involved in the plaintiffs' withdrawal from their former law firm early on in the defendants' efforts at forming an Alaska subsidiary law firm. After the defendants' plan for an Alaska law firm foundered, Wang and Farkash appeared as counsel for defendants once litigation in Alaska was commenced.[12]

---

[9]Docket No. 12-1 at 2.

[10]Docket No. 10-6.

[11]Id. at 1.

[12]Docket No. 20-1 at 3.

ORDER – Motion to Remand - 3 -

In the initial briefing of their motion to remand[13] and in the reply briefing,[14] plaintiffs appeared to have failed to recognize the importance of the fraudulent joinder issue. Hence the call for supplemental briefing. Even in the face of defendants' supplemental briefing, plaintiffs have failed to support their motion for remand with readily available Ninth Circuit authorities that have addressed the 28 U.S.C. § 1441(b)(2) fraudulent joinder issue.

In their supplemental brief, defendants argue that plaintiffs have conceded that the joinder of Wang and Farkash was fraudulent.[15] Not so. Plaintiffs have not withdrawn their motion to remand. In their supplemental brief in opposition to plaintiffs' motion to remand, defendants argue that under Alaska law, Wang and Farkash cannot be liable for the actions of their client solely by virtue of being their lawyers.[16] Defendants also argue that Wang and Farkash cannot be individually liable based upon each of the claims that plaintiffs have alleged.[17]

As to the contention that Wang and Farkash as lawyers cannot be liable for the actions of their clients, plaintiffs' amended complaint does not seek to assert liability against attorneys Wang and Farkash based upon the actions of their clients. The question is what did Wang and Farkash do? And, as to that issue, plaintiffs' amended complaint is vague, but could easily be clarified by a motion for more definite statement as permitted by Alaska Civil Rule 12(e).

---

[13]Docket No. 5.

[14]Docket No. 13.

[15]Docket No. 20 at 2.

[16]Id. at 4.

[17]Id. at 8-20.

Turning to defendants' principal argument – that Wang and Farkash cannot be liable for plaintiffs' claims – defendants have offered an unsworn declaration.[18] Wang seeks to distance himself and Farkash from the activities of other defendants with respect to the opening of an Alaskan office of the Leventhal law firms. This declaration and defendants' arguments sound more like a response to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action than an opposition to a jurisdictional motion to remand for misjoinder. As set out above, we are dealing with the jurisdictional issue, not a Rule 12(b)(6) motion.

If the Wang declaration were before the state superior court, it would surely suffice to support a motion for a more definite statement with respect to plaintiffs' amended complaint. The Wang declaration, as well as the defendants' arguments that lawyers cannot be individually liable for any of the seven claims alleged by plaintiffs, merely serve to reinforce the proposition that defendants are entitled to much more information than they currently have as a basis for responding to an amended complaint.

Fraudulent Joinder Law

In two relatively recent decisions, the Ninth Circuit Court of Appeals has addressed the fraudulent joinder issue in considerable detail. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009); Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549 (9th Cir. 2018). It is significant that Hunter originated in the District of Alaska.

For purposes of 28 U.S.C. § 1441(b)(2), "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts]." Hunter, 582 F.3d at 1042 (internal quotation marks omitted). Moreover, the "strong presumption against removal

---

[18]Docket No. 20-1.

ORDER – Motion to Remand — - 5 -

jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." Id. (internal quotation marks and citations omitted).

In Hunter, Judge Tashima expands on the foregoing, holding that "[j]oinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. at 1043 (quoting Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (2007)).  In Hunter, the court observed that one of the claims in question was "impermissibly vague." Id.  In the latter regard, Judge Tashima tells us that we are to construe the Hunter pleadings "liberally," as required by Alaska's notice pleading rules, and we are told that a cause of action need only provide the defendant with fair notice of the nature of the claim. Id. at 1046.  With a nod to the Eleventh Circuit Court, Judge Tashima further explains that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (internal quotation marks and citations omitted).

The foregoing is joined by Judge Fletcher's opinion in Grancare, 889 F.3d 543 (9th Cir. 2018).  In addition, Judge Fletcher addresses the interplay between § 1441(b)(2) on the one hand, and failure to state a claim motions brought under Rule 12(b)(6), Federal Rules of Civil Procedure.  In Grancare, the court holds that:

> [T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent.  A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.  We emphasized in Hunter that a federal court must find that a defendant was

ORDER – Motion to Remand - 6 -

> properly joined and remand the case to state court if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants."

889 F.3d at 549 (quoting Hunter, 582 F.3d at 1046).

## Case Remanded

As the Ninth Circuit Court has observed in Hunter, Alaska is a notice pleading state. 582 F.3d at 1046. Rule 8(a), Alaska Rules of Civil Procedure, requires that a claim for relief must contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Plaintiffs' amended complaint names seven state law claims and provides a short, plain statement of each claim.[19] All seven claims are asserted against all the defendants, and plaintiffs' amended complaint contains a prayer for relief.

The amended complaint is astoundingly vague as to which of the individual defendants were responsible for each claim. The vagueness problem is addressed by Alaska Civil Rule 12(e), which provides "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Given the foregoing Alaska civil rules, it is not obvious that the plaintiffs cannot state causes of action against one or both of the resident defendants, Wang and Farkash. Inasmuch as the burden of proof of fraudulent joinder is upon defendants and, given the presumption against removal jurisdiction, the court finds that there is a strong possibility

---

[19]There may be a problem with plaintiffs' two fraud claims. They are likely subject to Rule 9, Alaska Rules of Civil Procedure, which requires that fraud claims "be stated with particularity."

ORDER – Motion to Remand                                                              - 7 -

that an Alaska court would find that plaintiffs' amended complaint states a cause of action against one or both resident defendants.

The court concludes that defendants Wang and Farkash were timely joined as defendants in this case. The court finds that they were not fraudulently joined as defendants.

## Conclusion

Plaintiffs' motion to remand[20] is granted. The case is herewith returned to the Superior Court for the State of Alaska at Anchorage. Defendants' motion to dismiss[21] is denied for lack of jurisdiction.

DATED at Anchorage, Alaska, this  30th  day of July, 2025.

/s/   H. Russel Holland
United States District Judge

---

[20]Docket No. 5.

[21]Docket No. 14.